273 So.2d 280 (1973)
STATE of Louisiana
v.
Michael Anthony WILLIAMS.
No. 52925.
Supreme Court of Louisiana.
February 13, 1973.
Woodson T. Callihan, Jr., Public Defender, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
*281 PER CURIAM.
Defendant was tried and convicted of armed robbery, La.R.S. 14:64, and sentenced to sixty years at the state penitentiary. He appeals this conviction and sentence relying on two perfected bills of exceptions.
Bill of Exceptions No. 1 was reserved during trial to the introduction of a .22 caliber slug and a .22 caliber pistol, alleged to belong to the defendant. Introduction of this evidence was objected to on the basis that:
"The proper foundation hasn't been laid to show that there was a continuous chain of custody and possession and control of these two items."
Defense counsel did not attach the foundation testimony to Bill No. 1, but did attach the entire transcript to Bill of Exceptions No. 2 which was taken to the trial court's refusal to grant a motion for new trial (one of grounds for which was the introduction at trial of the prejudicial evidence complained of in Bill No. 1). Appellant in his brief has abandoned his objection to the introduction of the bullet, and therefore we will only consider the pistol.
We do not agree with defendant in his assertion that a proper foundation to show chain of custody had not been laid prior to introduction of the evidence. An examination of the record reveals that one Verette, a friend of the appellant, identified the pistol as being appellant's weapon (R-78). Verette also testified that defendant told him that he had loaned the weapon to a person referred to as Sonny (R-91), who later committed suicide with it (R-92, 93). A police officer of the City of New Orleans identified State Exhibit 1 as having been received by his office from the homicide department in connection with the suicide of Sonny (R-160). This weapon was turned over to Deputy Rainwater in Baton Rouge (R-185). He in turn gave it to one Mr. Jewell of the Crime Lab (R-83, 85) who identified it for introduction at trial (R-184, 5).
This Court has held on numerous occasions that absolute proof of the chain of custody, possession and control is not required for the introduction of evidence, and that a clear preponderance in favor of its introduction is all that is required. State v. Coleman, 254 La. 264, 223 So.2d 402 (1969). We find such here and hold Bill No. 1 to be without merit.
In his brief, appellant attempts to expand his original objection to the introduction of the pistol on the basis that there was not a sufficient foundation laid to connect the pistol to the crime. We disagree. In addition to the previously mentioned facts, a reading of the record also discloses that the crime was committed with a .22 caliber pistol. This, coupled with testimony placing defendant at the scene of the crime was sufficient to show, to the trial judge's satisfaction, its relevance to the fact sought to be proved. As we have stated:
"Connexity is a matter for the jury to decide, so long as the objects introduced are shown to the satisfaction of the trial judge to have some relevance, i.e., some logical or rational connection with the fact sought to be proved (citations omitted)." State v. Dillon, 260 La. 215, 255 So.2d 745 (1971).
Bill of Exceptions No. 2 was taken to the ruling of the trial court in overruling a motion for a new trial based upon Bill of Exceptions No. 1 and on the additional grounds that the verdict was contrary to the law and the evidence. Such grounds, without more, present nothing for us to review. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971).
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.