286 So.2d 639 (1973)
STATE of Louisiana
v.
Russell Joseph PELLERIN.
No. 53848.
Supreme Court of Louisiana.
December 3, 1973.
*640 Fredric G. Hayes, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Dracos D. Burke, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant was tried and convicted of armed robbery in violation of R.S. 14:64. He was sentenced to thirty-three years in the custody of the Department of Corrections. In this appeal he relies on eight bills of exceptions.
BILL OF EXCEPTIONS NO. 3
This bill was reserved to the ruling of the trial court that the defendant had mental capacity to proceed. On motion by the defense that the defendant lacked the capacity to understand the proceedings against him and to assist in his defense, the trial court appointed a sanity commission. C.Cr.P. Art. 644. A contradictory hearing was had on the motion as required by C.Cr.P. Art. 647. The members of the sanity commission testified that the defendant had a good general fund of information, normal memory, low normal intelligence, was not suffering from any major mental diseases, defect or psychosis, and concluded that in their opinion he *641 understood the charges against him and he could assist in his defense.
The defendant testified that he had suffered from nervousness since receiving head injuries in a car wreck in 1969, two years before the crime. He testified that on the day of the crime he was suffering an attack of "nerves" so severe he was shaking like a leaf. He first testified that he remembered entering the store where the robbery occurred and remembered taking the money, but that he did not remember striking the victim. On cross-examination, he later testified that he remembered even less of the events. Considering all of the testimony on the pretrial hearing into the mental capacity to proceed, the trial judge ruled that the defendant had the capacity for proceeding with trial. C.Cr.P. Art. 641 provides:
"Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense."
The alleged case of "nerves" which the defendant suffered, if existing in the condition he described, would not make him incapable of understanding the proceedings and assisting in his defense. In State v. Edwards, 257 La. 707, 243 So.2d 806 (1971), we said, "* * * Sanity, including mental capacity to proceed, is presumed. * * *" Under our review of these proceedings, the trial court was correct in its ruling. The bill is without merit.
BILLS OF EXCEPTIONS NOS. 4 and 5.
These bills were reserved when the trial court denied defendant's challenge of two jurors for cause during voir dire examination. Defendant exercised only eight of his twelve peremptory challenges. C.Cr. P. Art. 800 provides:
"A defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him, unless his peremptory challenges shall have been exhausted before the completion of the panel."
The defendant, having failed to exercise all of his peremptory challenges, was thus not forced to take a juror he might wish to challenge, is not aggrieved by the trial court's rulings and cannot complain before us. These bills are without merit.
BILL OF EXCEPTIONS NO. 6
The defendant failed to move for a motion to suppress two written confessions of the defendant before trial. At the trial, and outside the presence of the jury, the State began to lay its predicate for admission of the confessions. They offered evidence of the time, place and circumstances surrounding the taking of the statements, the fact that Miranda warnings had been previously given to the defendant, and that the defendant had signed a waiver of rights before making any statements. When the State appeared to have rested its case in laying the foundation for admissibility of the confessions, the trial judge began to interrogate the witness with regard to whether any threats or any forms of coercion were used in obtaining the confessions. Defense counsel objected to the trial judge projecting himself into the proceedings, contending that it was incumbent upon the State alone to establish the proper predicate for the trial court's ruling upon admissibility. R.S. 15:451 provides:
"Before what purposes [purports] to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises."
A trial judge is restricted in his conduct before the jury, particularly in intervening in the interrogation of witnesses. This rule is not applicable to hearings and proceedings held out of the presence of the *642 jury where the issue is one of law, to be determined by the judge alone. No evidence was offered by the defense that the statements were not free and voluntary. The evidence supports the trial court's finding that the confessions were admissible in evidence before the jury.
BILL OF EXCEPTIONS NO. 7
When the defendant was on the stand and under cross-examination, he had testified that in the "two hours" (apparently the time surrounding the occurrence of the crime), he knew nothing of what occurred and did not remember even going into the victim's store. The State then called to the defendant's attention that on the 11th of January, 1973, a pre-trial sanity hearing was conducted in the trial court. Defense counsel objected, protesting any reference to a prior hearing, urging that such reference was inadmissible and he made a motion for a mistrial. The jury was removed and it was made apparent to the trial judge that the State was laying the foundation for a prior inconsistent statement in order to impeach the defendant as a witness. The accused, having chosen to testify in his own behalf, became subject to all rules applicable to other witnesses, and was subject to cross-examination upon the whole case. R.S. 15:462. By choosing to testify, the defendant became subject to the rule that each side has the right to impeach the testimony and the credibility of each witness sworn on behalf of the other side. R.S. 15:486. To impeach the credibility of the defendant, the State had first to lay the foundation required by R.S. 15:493, which states:
"Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible." (Emphasis supplied.)
Defendant's contention that the mention of the sanity hearing prejudiced the jury and that the testimony of that hearing was inadmissible at trial, is without merit. If, in fact, mention of the present capacity to proceed was prejudicial at all, the requirement for giving sufficient warning to the defendant of a statement which would be used for the purpose of his impeachment, is of far greater value to defendant than any slight prejudicial effect which would flow from the mention of the pre-trial proceeding. We are not of the opinion that the defendant was prejudiced. We are of the opinion that the mention of the place and circumstances of the prior statement were necessary for the purpose of laying the predicate for impeachment purposes.
BILL OF EXCEPTIONS NO. 8
Bill of Exceptions No. 8 was reserved when defendant's motion for a directed verdict was denied. The motion for a directed verdict is available at the end of the State's case for the defendant to pose to the trial court whether there is no evidence to prove a crime or an essential element of the crime. State v. Douglas, 278 So.2d 485 (La.1973). The correctness of the trial court's overruling of the motion in this case is sustained under our review of the transcript of the proceedings had during the State's case in chief. The Bill is without merit.
BILL OF EXCEPTIONS NO. 1
During the District Attorney's closing argument, he mentioned that the defendant, while testifying, failed to make any statement at all concerning the voluntariness of his confessions. The defendant *643 moved for a mistrial and reserved the Bill of Exceptions he numbers as No. 1. C.Cr. P. Art. 770(3) provides:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(3) The failure of the defendant to testify in his own defense; * * *"
The defense counsel in his closing argument, argued to the jury that the defendant's pre-trial statements were involuntary. The District Attorney in rebuttal stated:
"* * * Well, the only evidence with reference to the voluntariness or not, of the statement made by defendant are affirmative. They are, on behalf of the State, that the statements were voluntary. The defense introduced no evidence whatsoever to show that they were not voluntary. The defendant had the opportunity, when he was on the stand, under oath. Did he testify about these things? No. By his silence he acquiesced the voluntariness of those confessions. * * *"
Ordinarily, voluntariness of a confession on a question of admissibility, is a question of law requiring a judge ruling. The defendant may testify out of the presence of the jury on this legal issue without having to take the stand in the presence of the jury. The role of the jury is to weigh the evidentiary value of the confession, along with other evidence once it is made admissible by the trial judge's ruling. However, here where the defendant has taken the stand before the jury at the trial on the question of guilt or innocence, he is subject to all the rules that apply to other witnesses, including comment upon his testimony and the reasonable and fair conclusions to be drawn therefrom. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971); State v. Bischoff, 146 La. 748, 84 So. 41 (1920). Moreover, defense counsel in his closing argument opened the gate and made necessary the comments by the State in rebuttal. Under all the circumstances, the rebuttal argument was within permissible bounds.
BILL OF EXCEPTIONS NO. 2
This Bill, assigning numerous errors, was reserved when the trial court denied the defendant's motion for a new trial. Much of that which is urged in the motion for a new trial either presents nothing for review by this Court, or presents issues previously discussed under bills of exceptions. The allegation that the verdict is contrary to the law and evidence presents only a question of sufficiency of the evidence and thus nothing for our review. C.Cr.P. Art. 858. State v. Frezal, 278 So. 2d 64 (La.1973); State v. Fisher, 261 La. 701, 260 So.2d 674 (1972); State v. Grey, 257 La. 1070, 245 So.2d 178 (1971); State v. McClain, 254 La. 56, 222 So.2d 855 (1969). The complaint that the circumstantial nature of the evidence could not sustain a verdict of guilty is without merit, both on the facts of the case, as well as under the law. R.S. 15:438. The allegations in the motions for new trial concerning evidentiary rulings dealing with connexity, identification and other such matters, are not reviewable, since objection was not made at the time of the rulings and bills of exceptions were not reserved. The answers to the allegations referring to errors which we have already discussed under previous bills, need not be restated. Bill of Exceptions No. 2 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
SUMMERS, J., concurs in the result and assigns reasons.
DIXON, J., subscribes to the opinion, but disagrees with some of the statements in the discussion of Bill of Exceptions #6.
*644 SUMMERS, Justice (concurring in the result).
Although I agree with the decree affirming the conviction, I do not agree that the directed verdict authorized by Article 778 of the Code of Criminal Procedure is available in a criminal jury trial. See my dissent in State v. Douglas, 278 So.2d 485 (La.1973); my concurring opinions in State v. Ferdinand, rendered October 29, 1973, 285 So.2d 530 (La.1973), and State v. Willie Triplet et al, rendered October 29, 1973, 285 So.2d 532 (La.1973).