297 So.2d 415 (1974)
STATE of Louisiana
v.
Arlington BUSH.
No. 54624.
Supreme Court of Louisiana.
July 1, 1974.
*416 Jon A. Gegenheimer, Gretna, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Jacob J. Amato, Jr., Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Defendant, Arlington Bush, was indicted for aggravated burglary. R.S. 14:60. He was tried by jury and found guilty as charged. The trial judge sentenced defendant to imprisonment at hard labor for ten years. Defendant perfected three bills of exceptions which were reserved during the course of the proceedings below. However, defendant has abandoned Bill of Exceptions No. 1 on appeal.
Bill of Exceptions No. 2 was reserved when the trial court refused to allow defense counsel to call Raynes Perry, a state witness listed on the bill of indictment, for purposes of cross-examination. The State had not yet called this witness and had already rested its case. The trial judge, although not allowing defense counsel to cross-examine Raynes Perry, allowed defense counsel to examine the witness on direct.
In State v. Brent, 248 La. 1072, 184 So. 2d 14 (1966), cert. den., 385 U.S. 992, 87 S.Ct. 605, 17 L.Ed.2d 452, we were presented with an identical situation, and we said:
"Defendant reserved this bill to the court's sustaining the District Attorney's objection when defendant attempted to call the East Baton Rouge Parish Clerk of Court as a witness under cross-examination. The court ruled defendant could call the official as his own witness on direct examination.
"Defendant has cited no authority, and we know of none, authorizing a defendant to call a witness under cross-examination in a criminal prosecution. When defendant calls a witness, not yet called by the State, the witness becomes defendant's. Therefore, we find no merit in the bill of exception."
Likewise, we find no merit in defendant's Bill of Exceptions No. 2.
During trial, after the defense rested its case and the prosecuting attorney decided not to present a rebuttal, defense counsel moved to reopen the defense for the purpose of questioning the witness Raynes Perry again. Defense counsel *417 asked the indulgence of the court for the following reason:
"The reason I didn't ask these questions is my oversight. I had these questions misplaced in my notes and I didn't see them at the time I was questioning him * * *."
The court denied defendant's motion to which Bill of Exceptions No. 3 was reserved. Defendant contends that the trial court abused its discretion in not allowing defendant to reopen his case.
Article 765(5) of the Code of Criminal Procedure provides:
"The normal order of trial shall be as follows:
* * * * * *
"(5) The presentation of the evidence of the state, and of the defendant, and of the state in rebuttal. The court in its discretion may permit the introduction of additional evidence prior to argument;"
* * * * * *
The introduction of evidence after the State's case has been presented and after the defense has rested is in the discretion of the trial judge. State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), cert. dismissed, 403 U.S. 949, 91 S.Ct. 2273, 29 L. Ed.2d 855, reversed on other grounds, 403 U.S. 946, 91 S.Ct. 2282, 29 L.Ed.2d 856, on remand 260 La. 644, 257 So.2d 135. When a matter is within the discretion of the trial judge, although that matter is reviewable, the trial judge's ruling will not be disturbed by this Court unless the record clearly indicates an abuse of discretion. We find no such abuse here. Defense counsel was allowed ample time to question the witness on direct examination. Having had the opportunity to thoroughly examine the witness, the trial judge did not abuse his discretion in not permitting the witness to be recalled after the close of presentation of evidence. The bill has no merit.
For the reasons assigned, the defendant's conviction and sentence are affirmed.