308 So.2d 279 (1975)
STATE of Louisiana
v.
Martin SHELBY.
No. 55352.
Supreme Court of Louisiana.
February 24, 1975.
*281 Robert J. Zibilich, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was tried and convicted of armed robbery; he was sentenced to serve ninety-nine years at hard labor. At trial he reserved seventeen bills of exceptions, seven of which have been abandoned. The remaining ten bills were organized into five assignments of error and are discussed accordingly.
This case involves the well-publicized armed robbery of "Eddie Price's Restaurant and Lounge" in which one man was murdered and another seriously wounded. Defendant and another man (Roy Hollingsworth) allegedly entered the lounge around 12:00 midnight and hid in the restroom until 2:00 a. m. when the lounge closed. At that time they attacked Mr. Clifton Solar, part owner of the lounge, and Mr. Harold Merritt, a long time employee. After forcing Mr. Solar to open the safe from which currency and rolls of nickels were taken, the masked robber (Hollingsworth) took the two victims to the walk-in cooler where he shot both of them. Mr. Solar was mortally wounded, but Mr. Merritt survived and identified at trial the defendant, who had been undisguised, as being the second robber.

Bill of Exceptions No. 3
During voir dire examination the district attorney made the following statement to which the defendant objected:
"BY MR. MERRITT: ... as the facts unfold you will determine that the State alleges that the armed robbery occurred on October 15, 1972, this is the same night and same transaction in which two people, one was murdered and one was shot at Eddie Price's ...
"BY MR. ZIBILICH: Objection, this has nothing to do with voir dire.
"COURT: Finish the statement. The Court will reserve its ruling at this time.
"BY MR. MERRITT: Are any of you familiar with the widespread publications attendant to this set of facts?
"BY MR. ZIBILICH: This man is on trial for armed robbery, not murder, and I move for a mistrial.
"BY THE COURT: Overruled."
Defendant contends that he was prejudiced by this colloquy and statement concerning the alleged incident. The statements of the State and ruling of the trial court were entirely proper. It was necessary for the district attorney to inform the prospective jurors of the salient facts in order for them to intelligently respond to his question concerning their familiarity with the incident and its resulting publicity. The State did not mention anything which was inadmissible at trial. The murder and attempted murder constituted part of the actual transaction and were discussed in the State's opening statement and during the entire trial. The question constituted part of the State's proper inquiry into the possible prejudice of the prospective jurors. Defendant was not prejudiced in any manner.
This bill is without merit.

Bills of Exceptions Nos. 5 and 6
These bills were reserved when the trial court permitted the introduction of defendant's oral inculpatory statement which he made after being arrested by the *282 police. The trial court ruled that the State had met its burden of proving beyond a reasonable doubt that the confession was free and voluntary. State v. Skiffer, 253 La. 405, 218 So.2d 313 (1969). Defendant testified that while he signed a rights of arrestee form, he was not advised actually of his rights as required by the Miranda decision. He further stated that upon arrival at the police station he had been beaten twenty to thirty minutes while handcuffed to a pole. The State presented the testimony of Sgt. Leonard Bullock, Detective Richard Hart and Lt. Edward O'Donnell that the defendant had been advised twice concerning his rights and had signed two forms. They testified that one of them was present with defendant at all times and that he had not been beaten or coerced in any manner. The report of the coroner's physician, Dr. Carl Rabin, was introduced by stipulation. Dr. Rabin stated that he had examined defendant after interrogation and found no marks of injury and that defendant had stated that the police had not beaten him. Defendant contends that he lied to the physician out of fear of further beating. As we have stated in prior cases, the trial court is accorded great discretion in the application of R. S. 15:450 and 15:451. State v. Blankenship, 277 So.2d 639 (La.1973); State v. Whitsell, 262 La. 165, 262 So.2d 509 (1972); State v. Hall, 257 La. 253, 242 So.2d 239 (1970); State v. Walker, 229 La. 229, 85 So.2d 497 (1956). The evidence in the record supports the trial court's conclusion that the State met its burden of proof; the oral statement was properly admitted.
These bills are without merit.

Bills of Exceptions Nos. 11, 12, 13, 14 and 15
These bills pertain to the introduction into evidence of the following items: .32 caliber pistol, a blue gym bag, rolls of nickels, currency, a white pillow case with eyeholes cut out and a multi-colored handkerchief. Defendant contends that the relationship between these items and the alleged crime was not sufficiently established to support their admission and that he was thereby prejudiced.
Mr. Merritt, the survivor of the robbery, identified the rolls of nickels and the currency as being similar to those which were taken from the safe the night of the robbery; the rolls of nickels were the same color. The blue gym bag contained the above items when it was seized from a Baton Rouge apartment pursuant to a validly executed search warrant. Also seized from the apartment was a .32 caliber pistol which Mr. Merritt testified was similar to the one used in the robbery. Unlike a previously admitted .32 caliber pistol, which had been shown to be the murder weapon, this pistol was not linked to the crime by the testimony of a ballistics expert. The white pillow case and the handkerchief were used in the crime and had been recovered at the scene. Except for the gym bag, all of the items were sufficiently linked to the crime to justify admission at trial. State v. Williams, 273 So.2d 280 (La.1973); State v. Warren, 271 So.2d 527 (1973); State v. Wright, 254 La. 521, 225 So.2d 201 (1969); State v. Stokes, 250 La. 277, 195 So.2d 267 (1967). The actual connexity of the items with the crime and the weight to be given to them was a matter ultimately for the jury. The introduction of the gym bag was without prejudicial effect to the defendant. State v. Vince, 305 So.2d 916 (La.1974).
These bills are without merit.

Bill of Exceptions No. 16
This bill was reserved when the trial court permitted the State to cross-examine the defendant in an allegedly improper manner. When the defendant takes *283 the stand in his own defense, he waives his protection against self-incrimination and is treated as any other witness. As such he may be cross-examined upon the whole case. R.S. 15:462 and 15:280. The question posed by the State concerned defendant's motive for not remembering a conversation. In context the question was proper cross-examination.
This bill is without merit.

Bill of Exceptions No. 17
This bill was reserved when the trial court denied defendant's motion for a new trial based upon the previously reserved bills of exceptions. As we have found these bills to be without merit, this bill lacks merit; the defendant has not demonstrated any error prejudicial to his rights.
For the reasons assigned, the conviction and sentence are affirmed.