337 So.2d 207 (1976)
STATE of Louisiana
v.
Edward L. RHODES.
No. 57693.
Supreme Court of Louisiana.
September 13, 1976.
*208 Elliott W. Atkinson, Jr., Roy A. Maughan, Ltd., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Edward L. Rhodes was charged by bill of information with armed robbery in violation of La.R.S. 14:64. On August 16, 1974, he purportedly entered an A & P store located at 6315 Airline Highway in East Baton Rouge Parish, brandished a .45 calibre automatic pistol, threatened several employees, including the manager, Don Massey, and took $5,000 from the cash register which was under the immediate control and in possession of Mr. Massey. Ten days later he was arrested in a motel room in New Orleans. He pled not guilty, waived trial by jury, was tried and convicted. He was sentenced to serve 15 years at hard labor without benefit of probation, parole or suspension. He now appeals his conviction and sentence, relying on five assignments of error.
Most serious of defendant's assignments of error are numbers three and four. By assignment of error number three, defendant argues that the trial court erred in allowing the state to cross-examine defendant concerning his presence in the motel room when his response was possibly incriminating as to other matters. By assignment of error number four, defendant contends that the trial court erred in allowing the prosecution to inquire whether defendant had tried to escape following his arrest.
Defendant had been arrested by New Orleans Police officers at Mason's Motel in New Orleans, while in a room he had allegedly rented under an assumed name. The officers were acting on fugitive warrants from Columbus, Georgia and San Antonio, Texas. At the time of the arrest, the officers removed from the room a locker containing defendant's personal belongings and logged it in New Orleans Police Department property book, rather than the evidence book, apparently because they had no reason to believe the contents would have any evidentiary value. The following morning, after having been alerted that defendant was possibly involved in a Baton Rouge, Louisiana armed robbery, the officers returned to the motel and again searched it without a warrant. At that time they found $2500 in cash, a portion of which was allegedly taken in the subject armed robbery.
During the course of trial defendant testified on his own behalf. He denied that the motel room in which he was arrested had been rented by him, stating that he was *209 only there to pick up some personal property. The prosecutor then asked defendant what property he had gone to pick up. Defense counsel objected to the question on the grounds of defendant's privilege against self-incrimination, U.S.Const. amend. V; La.Const. Art. i, § 16, contending that by taking the stand defendant "has waived his right to self-incrimination on this particular matter only but not perhaps on any other collateral matter, and that possibly there could be some statement he would make that would involve him in other matters other than this armed robbery today, and I don't believe that is in the scope of . . . cross-examination." The trial judge overruled the objection and defendant responded that he had gone to the motel room to see about a shotgun that the room's occupant wanted to sell him.
Later on cross-examination the prosecutor asked defendant if he had tried to escape following his arrest. Defense counsel objected, on the grounds that there was a charge of simple escape against defendant and an answer "would call for self-incrimination on the charges presently pending." The state argued that flight to avoid prosecution is relevant and the judge overruled the objection.
Whatever the merit of the claim that a defendant testifying on his own behalf may not be cross-examined on totally irrelevant matters if an answer requires him to incriminate himself, a defendant who chooses to waive his fifth amendment privilege by testifying may certainly be required to answer possibly incriminating questions pertinent to the case under consideration, if relevant. He may be cross-examined on the whole case.[1]
Both questions, that concerning the reason for his presence in the motel room, and that relating to whether he had tried to escape were the proper subject of cross-examination.
There was no error in the trial court's ruling.
Defendant's remaining assignments likewise have no merit:
1. Assignment of error number one is directed at the court's overruling defense objection to an in-court identification of the defendant by one Julius T. Stokes, an assistant manager at the A & P store who was present at the time of the robbery. We do not find that this witness, who positively identified the defendant in court and who testified that he had selected the defendant at a line-up to which he was called by investigating officers some time after the robbery, had his in-court identification tainted by virtue of the fact that on the stand and just before making his in-court identification he was shown a photograph of the line-up which he had earlier attended.
2. The trial court's overruling of the motion to suppress was not erroneous. It was not unreasonable for the officers who were arresting this defendant in connection with a fugitive warrant to gather defendant's things from a locker in the motel room and log them in the property book incident to that arrest. Nor was it unreasonable on the succeeding day to search the motel room, the occupancy of which had been terminated by the prior day's arrest and incarceration of defendant on a fugitive warrant.
3. With respect to assignment of error number five, it was not error for the trial court to allow the state to reopen its case and present additional evidence. The introduction of evidence by either the state or the defense after it has presented its case and rested is within the sound discretion of the court. Article 765(5), Code of Criminal Procedure, State v. Hudson, 253 La. 992, 221 So.2d 484 (1969); State v. Bush, 297 So.2d 415 (La.1974); State v. Rose, 33 La.Ann. 932 (1881).
*210 For the foregoing reasons the conviction and sentence of defendant Edward L. Rhodes is affirmed.
NOTES
[1] La.R.S. 15:462 provides:

"When a person accused, or a husband or wife becomes a witness, such witness shall be subject to all the rules that apply to other witnesses, and may be cross-examined upon the whole case."