345 So.2d 1139 (1977)
STATE of Louisiana, Appellee,
v.
Alton Ray LOVETT, Appellant.
No. 58537.
Supreme Court of Louisiana.
January 24, 1977.
On Rehearing May 16, 1977.
*1140 Samuel V. Prunty, Jr., Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., William L. Goode, Asst. Dist. Atty., for appellee.
Ellis P. Adams, Jr., Executive Director, Louisiana Dist. Attys. Association, Baton Rouge, amicus curiae.
*1141 TATE, Justice.
The defendant Lovett was convicted of second degree murder, La.R.S. 14:30.1 (1973), and sentenced to life imprisonment. He appeals, relying upon a single assignment of error.
The assignment is raised in connection with the state's introduction of his confession. The defendant alleges that he was entitled to take the stand at the conclusion of the state's predicate for purposes of refuting it, without being subject to cross-examination on the whole case or otherwise waiving his right against self-incrimination. The trial court denied him this right, which denial is the basis of his assignment of error.
Prior to trial, the defendant filed a motion to suppress his confession. He alleges that it had been secured as a result of prior interrogation conducted without the prior warnings required by Miranda. Thus, in effect, he alleges that the confession was constitutionally involuntary.
The motion was denied in a hearing conducted before the judge. This pre-trial ruling is conclusive as to the confession's admissibility at the trial on the merits. La. C.Cr.P. art. 703 B. No issue is here raised as to the confession's admissibility.

(1)
Before the state may introduce a confession for consideration by the jury, it must once again affirmatively prove, as a predicate to introduction, that the confession was free and voluntary. La.R.S. 15:451. See also La.C.Cr.P. art. 703 B: "When a ruling on a motion to suppress is adverse to the defendant, the state shall be required prior to presenting the written confession or written inculpatory statement to the jury, to introduce evidence concerning the circumstances surrounding the making of the written confession or written inculpatory statement for the purpose of enabling the jury to determine the weight to be given to it." (Italics ours.)
The defendant strenuously urges that, unless he is permitted to take the stand to refute the state's evidence of voluntariness, there is no practical way by which his contention of involuntariness may properly be considered by the jury in its determination of the weight to be given to the confession. Thus, he contends, the legislative policy of letting the jury determine the weight to be given an allegedly involuntary confession, and an accused's right against self-incrimination, cannot both be effectuated unless an accused is permitted to take the stand (preferably contemporaneously with the state's predicate) to dispute the state's evidence of voluntariness, without at the same time subjecting himself to cross-examination except as to the issue of the confession and as to his credibility. He complains of the trial court's refusal to accord him this right.

(2)
Prior to the Louisiana Code of Criminal Procedure of 1928, an accused who testified waived his right to self-incrimination only to the matters as to which he testified. He could be "cross-examined [only] as to all matters concerning which he gives his testimony." Act 29 of 1886, Section 2; Comment, Scope of Cross-Examination in Louisiana, 10 Tul.L.Rev. 294 (1936).
This approach was deliberately changed by our first code of criminal procedure, enacted by Act 2 of 1928. See change (16) recommended by the Commissioners in their report on the proposed code. Therefore, as enacted by the legislature, any witness (Article 376), including the accused (Article 462), who voluntarily takes the stand may be cross-examined upon the whole case.
When the 1966 Code of Criminal Procedure was enacted, these provisions were retained as ancillary to the code. See: La. R.S. 15:280 (1950; renumbered as such in 1966) and La.R.S. 15:462 (1950).
By reason of these provisions, if a defendant takes the stand, at least as part of his defense on the merits, he waives his right against self-incrimination and may be cross-examined upon the whole case. State v. Rhodes, 337 So.2d 207 (La.1976); State v. *1142 Shelby, 308 So.2d 279 (La.1975); State v. Pellerin, 286 So.2d 639 (La.1973); State v. Collins, 283 So.2d 744 (La.1973).
We have heretofore also concluded that, because of these provisions, an accused cannot take the stand at the conclusion of the state's predicate for the limited purpose of testifying with respect to the voluntariness of the confession, without also subjecting himself to cross-examination on the whole case. State v. Sears, 298 So.2d 814 (La. 1974); State v. Cripps, 259 La. 403, 250 So.2d 382 (1971); State v. Goins, 232 La. 238, 94 So.2d 244 (1957). On the other hand, we have held that a non-defendant witness who testifies as to one issue does not necessarily waive his right against self-incrimination as to matters wholly unrelated to that issue. State v. Bolen, 338 So.2d 97 (La.1976); State ex rel. Doran v. Doran, 215 La. 151, 39 So.2d 894 (1949).

(3)
Before the confession is introduced in evidence, and prior to the similar predicate laid before the jury, the state is required in a hearing before the judge alone (see La.C.Cr.P. art. 794 and Official Revision Comment b), to prove that the confession was freely and voluntarily made. La. R.S. 15:451; La.C.Cr.P. art. 703 B; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).
At this judge-hearing, the state must prove voluntariness beyond a reasonable doubt, and the defense may cross-examine the state's witnesses and put on its own case. See Comment, Confessions in Louisiana Law, 14 La.L.Rev. 642, 650-652. If the defendant then takes the stand, he is not subject to cross-examination on the whole case. State v. Thomas, 208 La. 548, 23 So.2d 212 (1945). Further, to effectuate the right to test the admissibility of evidence obtained unconstitutionally, the testimony of the accused at this judge-hearing is not admissible against him in the trial on the merits as to his innocence or guilt. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
These principles are well-settled in the jurisprudence and in our practice. They result in a judicial balancing of the necessity for a statutory predicate of admissibility in order to effectuate constitutional rights, against the equal necessity not to infringe upon an accused's constitutional right against self-incrimination.

(4)
The necessity of balancing these two values in the judge-hearing as to admissibility equally, it would seem, require a similar procedure in presenting the issue of voluntariness to the juryalthough concededly the evidence is presented to the latter only for the latter to determine the weight of the confession rather than its admissibility.
Nevertheless, as noted, our jurisprudence is to the contrary. See State v. Sears, State v. Cripps, and State v. Goins, cited above. We have ultimately determined that we were in error in the statutory construction reached by these decisions, for the reasons to be stated below, and therefore overrule them prospectively, see State v. Ray, 259 La. 105, 245 So.2d 540 (1971), as of the date of publication of this opinion in the Southern Reporter.

(5)
In State v. Whatley, 320 So.2d 123 (La. 1975), we noted reasons of practical efficiency and fairness which point to having the trial jury hear defense evidence going to the weight of the confession contemporaneously with the state's evidence introduced as predicate to prove this issue. We also noted that, in at least several districts of this state, this procedure is followed by the trial courts. We reserved the present issue for future decision, however, as it was not squarely presented to us by that case.
Upon consideration, we have determined that, for the same reasons that an accused is so permitted to testify in the judge-hearing, he should be permitted at the jury trial, for the jury's determination as to the weight of a confession, to take the stand for the limited purpose of testifying as to the voluntariness and validity of the confession *1143 sought to be introduced. If he does so, he is not subject to cross-examination on the case as a whole, but only as to the validity of the confession. He may also, of course, be cross-examined as to his credibility, including by impeaching him on the basis of prior convictions.
If an accused cannot do so without waiving his constitutional self-incrimination rights as to guilt or innocence, he must abandon his statutory right to have the jury consider any lesser weight it should give to the confession due to the circumstances under which it was confected. If an accused cannot do so, his evidence as to the weight of the confession (which the jury is entitled to hear) cannot be given unless the accused subjects himself to cross-examination on merit-issues irrelevant to the validity of the confession and which infringe upon his constitutional right not to incriminate himself.
As a matter of (at the least) statutory interpretation, a statutory right to have the jury hear evidence going to the weight of a confession should not reasonably be conditioned upon requiring an accused to sacrifice his constitutional rights in order to exercise the right so given.
Preferably, the defense evidence as to involuntariness (or at least the accused's testimony there as to) should be permitted to be introduced contemporaneously with the state's predicate providing voluntariness of the confession. The issue thus segregated is more readily presented to the jury for its determination of the contents of the confession and the weight to be given to it.
We do not at this time, however, rule that the trial court abuses its discretion by deferring until the presentation of the defense in chief the hearing of defense witnesses as to voluntariness other than the accused himself: Only the self-incrimination rights of the accused himself may be jeopardized if he is not permitted to testify, contemporaneously with the state's predicate, for the limited purpose of contesting the weight to be given to the confession due to claimed involuntariness or invalidity in its obtaining.
We are unwilling to hold that the accused's constitutional rights have been infringed by the practice previously followed. Although some commentators have noted constitutional questions may arise by requiring an accused to waive his constitutional rights against self-incrimination when he takes the stand to testify as to a limited issue, see, e. g., Pugh, 32 La.L.Rev. 345-46 (1972), no authority we have discovered has so held.
Nor are we, in the absence of constitutional deprivation, willing to reverse this conviction, where the procedure followed has been consistently approved and where we determine, for reasons of greater procedural efficiency and fairness, that the interpretation of state statutes that we adopt today is preferable to that which we have followed in the past. The accused cannot complain of this change in interpretation not affecting himself, since he along with all others similarly situated was tried by the procedure followed prior to the effective date of this opinion, not shown to us to be unconstitutional.
For the foregoing reasons, we affirm the conviction and sentence. However, effective with the date of publication of this opinion, State v. Sears, 298 So.2d 814 (La. 1974) and decisions of like import are overruled.
AFFIRMED.
SANDERS, C. J., and MARCUS, J., concur in the decree only and assign written reasons.
SUMMERS, J., dissents.
SANDERS, Chief Justice (concurring in the decree).
LSA-R.S. 15:462 provides that when an accused becomes a witness he may be cross-examined "upon the whole case."
This statutory provision is clear. The Court has consistently held in the past that when the accused testifies before the jury at the trial as to any part of the case, including the giving of a confession, he is subject to full cross-examination. See *1144 State v. Sears, La., 298 So.2d 814 (1974); State v. Cripps, 259 La. 403, 250 So.2d 382 (1971); State v. Goins, 232 La. 238, 94 So.2d 244 (1957). See also State v. Pellerin, La., 286 So.2d 639 (1973); State v. Collins, La., 283 So.2d 744 (1973); State v. Prieur, La., 277 So.2d 134 (1973).
The prevailing rule elsewhere is that when a defendant takes the stand he waives his constitutional privilege against self-incrimination and is subject to cross-examination. 81 Am.Jur.2d, Witnesses, § 495, p. 501.
The majority changes the rule, thereby allowing a defendant to testify before the jury concerning the giving of a confession without full cross-examination. Since the cross-examination rule is statutory, the holding is insupportable.
For the reasons assigned, I concur in the decree only.
MARCUS, Justice (concurring).
I am unable to ascribe to the new procedural rules enacted in the majority opinion. They are contrary to our present statutory law (La.R.S. 15:280 and 462). In my view, such changes should be accomplished through the legislature not by judicial decree. Accordingly, I respectfully concur.

On Rehearing
TATE, Justice.
We reinstate as proper the interpretation we reached in our original opinion of La. R.S. 15:280, 451, 462, and La.C.Cr.P. art. 794, construed in conjunction with the constitutional rights of the accused: This interpretation requires that the accused be permitted to testify for the limited purpose of contesting that the confession was freely and voluntarily made, contemporaneous with the state's reiteration of its predicate before the jury to establish the voluntariness of the confession.
However, because of the complaint made that the purely prospective nature of our interpretation in our original opinion constituted dicta, we have determined that the present conviction should be reversed because of such error of law. However, a majority of the court is also of the belief that the interpretation we adopt today applies only to trials commenced after the date of finality of this decision.
For the reasons assigned, we reverse the conviction and sentence, and we remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
SANDERS, C. J., dissents for the reasons assigned by SUMMERS, J.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents.

ON REHEARING
SUMMERS, Justice (dissenting).
Appellant Alton Ray Lovett was charged by grand jury indictment with the first degree murder of Julius House on June 8, 1975, a violation of Article 30 of the Criminal Code. A trial by jury resulted in a verdict of second degree murder, and Lovett was sentenced to imprisonment for life.
Prior to trial, appellant moved to suppress a statement made to Detectives Morgan and Brann on June 9, 1975, and any and all other statements he may have given, on the ground, among others, that the police took at least one other unrecorded statement from the defendant prior to giving the Miranda warnings. At an evidentiary hearing on the motion to suppress, appellant testified that he was promised leniency if he would cooperate by confessing. He said also that the police threatened to, but they did not in fact, harm him. Cross-examination of appellant was limited to the issue of voluntariness. After the hearing the trial judge denied the motion to suppress.
At the trial before the jury the State produced evidence tending to establish the free and voluntary nature of the confession. Appellant then moved to take the stand for the limited purpose of rebutting the State's *1145 evidence on the question of voluntariness. This motion was denied and the ruling is the single assignment of error urged on this appeal.
It is now inescapably clear that the Fourteenth Amendment to the United States Constitution forbids the use of involuntary confessions not only because of the probable unreliability of confessions obtained in a manner deemed coercive, but also because of the strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will. American justice is also based upon the deep-rooted feeling that the police must obey the law while enforcing the law. In the end life and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).
It has been axiomatic in the law of this State for many years that before a confession may be introduced in evidence it must be affirmatively shown that it was freely and voluntarily given and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La.Rev.Stat. 15:451; State v. Gilmore, 332 So.2d 256 (La.1976); State v. Sears, 298 So.2d 814 (La.1974); State v. Kennedy, 232 La. 755, 95 So.2d 301 (1957).
The Federal Constitution requires, and this Court has held, that before a confession obtained by custodial interrogation may be considered free and voluntary, it must be shown that defendant was informed of his right against self-incrimination and his right to have an attorney present at the interrogation; that he fully understood the consequences of waiving those rights; and that he did in fact waive those rights voluntarily and without physical or mental coercion. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); State v. Ned, 326 So.2d 477 (La.1976). Cf. La.Const. art. I, § 13 (1974).
Also, the principle is well-established in the law that "When a person accused . . becomes a witness, such witness shall be subject to all the rules that apply to other witnesses, and may be cross-examined upon the whole case." La.Rev.Stat. 15:462; State v. Sears, 298 So.2d 814 (La.1974).
From these propositions a procedure has developed whereby the free and voluntary character of what purports to be a confession must be determined by the judge alone at a hearing outside the presence of the jury. At this hearing the defendant may offer proof that the confession was not free and voluntary. He may also take the stand for that limited purpose, and if he does, cross-examination is limited to that question, for at that hearing the only relevant issue is the voluntariness of the confession. Unless the evidence convinces the judge that the confession is free and voluntary it is inadmissible and cannot be brought to the attention of the jury.
This procedure rests in part upon the experience that the State will invariably introduce evidence that the confession was free and voluntary. To deny the defendant the right to take the stand before the judge for the limited purpose of refuting the free and voluntary nature of the confession would place him in the position of having his confession held to be admissible and brought to the attention of the jury without the benefit of his very relevant and material testimony on the subject. To overcome the effect of the admission defendant would be compelled to take the stand before the jury and be cross-examined on the whole case in order to present his personal version of the voluntariness issue. State v. Thomas, 208 La. 548, 23 So.2d 212 (1945); State v. Lanthier, 201 La. 844, 10 So.2d 638 (1942). This dilemma is resolved by permitting defendant to testify before the judge alone outside the presence of the jury with cross-examination limited to voluntariness.
A limited hearing on admissibility is authorized by Article 794 of the Code of Criminal Procedure which permits, and at the request of the State or defendant requires, the court to remove the jury from the *1146 courtroom when the court hears matters to be decided by the court alone. As the comments to Article 794 explain, it is a longstanding practice which vests the trial judge with discretion to remove the jury on matters to be decided solely by him. The most common situation in which the judge must remove the jury, if requested to do so, is the occurrence of a disagreement on the admissibility of a confession. It is grounds for mistrial if the admissibility of a confession is only tried in the presence of the jury. See State v. Goins, 232 La. 238, 94 So.2d 244 (1957); State v. Green, 221 La. 713, 60 So.2d 208 (1952); State v. Thomas, 208 La. 548, 23 So.2d 212 (1945); State v. Lanthier, 201 La. 844, 10 So.2d 638 (1942).
In addition Article 703 B of the Code of Criminal Procedure permits a defendant to suppress for use as evidence at the trial on the merits a written confession or written inculpatory statement on any ground that would make it inadmissible as evidence. Such a motion must be heard by the judge alone and decided prior to trial.
A ruling that the confession is admissible in an Article 703 B hearing is binding at the trial on the merits. But a defendant may nevertheless introduce evidence during the trial concerning the circumstances surrounding the making of the confession for the purpose of enabling the jury to assess the confession's reliability and the weight to be given to it.
Furthermore Article 767 mandates that the State shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant. And the State may not introduce a confession in evidence unless it advises the defendant prior to the opening statement of its intention to do so. La.Code Crim.Pro. art. 768.
As a matter of constitutional law an accused is entitled to a state court hearing on the issue of the voluntariness of a confession by a body other than the one trying his guilt or innocence. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).
It is apparent, therefore, that careful attention has been given by the legislature, by this Court and by the United States Supreme Court to procedures which will prevent the disclosure of any confession to the jury unless it has first been determined outside the presence of the jury that the confession was free and voluntary. One of the principal reasons for this voluntariness hearing is to avoid merging the admissibility issue with the question of guilt. The prejudicial effect of bringing a confession to the attention of the jury before its voluntariness is established and the difficulty of removing that prejudice from the jury's mind is well-recognized. A separate hearing before the judge alone affords the defendant an opportunity to limit the State's cross-examination of him to the issue of voluntariness, a right he cannot claim when he takes the stand before the jury where his guilt or innocence is the issue.
Thus, once the admissibility of the confession is determined by the judge its effect and the weight to be given to it is a question of fact, which bears upon the guilt or innocence of the accused, and that question is one for the jury. If the defendant elects to take the stand at the trial before the jury, he cannot pick and choose the testimony he will give. He has no right to limit his cross-examination to the question of voluntariness but he "shall be subject to all the rules that apply to other witnesses, and may be cross-examined upon the whole case." La.Rev.Stat. 15:462; United States v. Edick, 432 F.2d 350 (4th Cir. 1970); State v. Sears, 298 So.2d 814 (La.1974); State v. Cripps, 259 La. 403, 250 So.2d 382 (1971); State v. Goins, 232 La. 238, 94 So.2d 244 (1957). See also State v. Pellerin, 286 So.2d 639 (La.1973); State v. Collins, 283 So.2d 744 (La.1973).
Where the defendant has had a hearing before the judge alone, admittedly full and fair, his rights to the determination of voluntariness for the purpose of admitting the evidence at the trial have been satisfied. He is not entitled to another full hearing on that question before the jury unless, of course, he is prepared to testify subject to *1147 the usual rules of cross-examination. He has no right to limit the cross-examination to those favorable facts to which, alone, he wished to testify. Fitzpatrick v. United States, 178 U.S. 304, 20 S.Ct. 944, 44 L.Ed. 1078 (1900).
The constitutional guaranty against compulsory self-incrimination is one which, like other rights, may be waived. It is waived when the accused takes the witness stand in his own behalf. His voluntary offer of testimony upon any fact is a waiver as to all other relevant facts because of the necessary connection between them. He cannot then refuse to testify to any fact which would be competent evidence in the case if proved by any other witness. The waiver of the accused is not partial. Having once cast aside the cloak of immunity, he may not resume it at will whenever cross-examination may be inconvenient or embarrassing. Therefore, this Court has held: "When the defendant takes the stand in his own defense, he waives his protection against self-incrimination and is treated as any other witness. As such he may be cross-examined upon the whole case. R.S. 15:462 and 15:280." State v. Shelby, 308 So.2d 279 (La.1975). This Court has also said that "While a defendant waives his Fifth Amendment privilege when he takes the stand (State v. Shelby, 308 So.2d 279 (La.1975); State v. Collins, 283 So.2d 744 (La.1973)), a witness who is not the accused may, under certain circumstances, take the stand and testify as to some matters and invoke the Fifth Amendment as to others." State v. Bolen, 338 So.2d 97 (La.1976). By pointing out this distinction between the accused and other witnesses, the Court emphasizes the fact that the waiver of the accused is without limitation as Section 462 of Title 15 of the Revised Statutes declares. In view of this statutory declaration the Court is without authority to limit cross-examination. Again in State v. Rhodes, 337 So.2d 207 (La.1976), where the defendant testified on his own behalf, this Court, relying upon Section 462, held that he could be examined on the whole case even where the cross-examination involved self-incriminating evidence otherwise protected by the Fifth Amendment.
The rule is the same in Texas. In Rubens v. State, 166 Tex.Cr.R. 71, 311 S.W.2d 242 (1958), the Court said:
"Appellant complains of the refusal of the court to allow him to testify for the limited purpose of showing the involuntary character of the written statement introduced in evidence by the state.
"When the accused takes the stand he becomes a witness for all purposes and is subject to the same rules as any other witness, hence the court's refusal does not show error. (Citations omitted.)"
In Georgia a hearing was held outside the presence of the jury with reference to the voluntariness of a statement made by the defendant to the police. The court found that the statement was voluntary and freely made by the defendant, and then allowed testimony relating to the confession to go to the jury.
When defense counsel requested that defendant be allowed to take the stand on the limited issue of the voluntariness of his statement without being cross-examined beyond this issue, the request was denied. In approving the ruling the Georgia Court of Appeal said: "We know of no constitutional or legal requirement that would permit the defendant to testify in this manner." Hewell v. State, 136 Ga.App. 420, 221 S.E.2d 219 (1975).
Upon the firm ground which these authorities provide this Court should continue to deny defendants the right to limit their cross-examination to voluntariness of a confession on the trial of the merits before the jury. The concept of "balancing" presented in the Court's original opinion is admittedly not supported by any authority. The proposal disregards the specific legislative mandate of Section 462 of Title 15 of the Revised Statutes which ordains that the defendant who takes the stand may be cross-examined on the whole case. The waiver of the constitutional right not to incriminate oneself, which results when an accused takes the witness stand on his own behalf, is also set aside.
*1148 When the question of guilt or innocence is involved, the circumstances under which a confession is given have significant bearing upon its reliability or weight. And the reliability and weight of the confession has a profound effect upon the guilt or innocence of the accused. Therefore, once the confession is considered admissible, testimony by the defendant before the jury on voluntariness bears directly upon his guilt or innocence. At this stage of the proceedings the issue is no longer limited to a question of law and admissibility of evidence. The question then becomes the guilt or innocence of the accused. There is no reason, therefore, why the accused should be entitled to another hearing on voluntariness with the safeguards provided in a separate hearing before the judge when, by denying the voluntariness of the confession, he has taken the stand to deny his guilt inferentially. The question of admissibility cannot be litigated twice. La.Code Crim. Pro. arts. 394 and 703 B. It is not balancing the scales of fairness or justice to grant the accused a limited hearing before the judge on voluntariness to determine admissibility, and then after the confession is determined to be admissible to again limit the hearing in an entirely different situation where the issue is guilt or innocence. A strictly legal question (admissibility) cannot be balanced with a factual issue (guilt or innocence).
Aside from the overwhelming authority which supports the ruling of the trial judge that if defendant took the witness stand he was not entitled to limit his cross-examination to the question of voluntariness of the confession at the trial on the merits, appellant concedes in brief that the confession is admissible. Such a concession is entirely inconsistent with the contention that appellant should be permitted to establish that it is not free and voluntary, for to be admissible a confession must first be free and voluntary.
Moreover, appellant admits in brief that the confession "saved him from a first degree murder conviction." This is true, appellant states, because the defense version of the killing as related in appellant's confession to the police was the defense theory of the case. The defense employed this version of the killing to convince the jury that defendant was guilty of second degree murder and not first degree murder, the crime charged. On the one hand the defendant is using the confession to avoid a first degree murder conviction, and on the other hand he is contending that he should be allowed to testify only that it is not free and voluntary. Evidence that the confession was involuntary would conceivably erode evidence of reliability and lessen the weight of the confession in the eyes of the jury. The effect would be to weaken the defense based upon the contention that the version of the killing in the confession was the true version. Appellant's position is untenable.
I respectfully dissent.