431 So.2d 114 (1983)
STATE of Louisiana
v.
James E. PARKER.
No. 82 KA 0903.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Writ Denied June 10, 1983.
Ossie B. Brown, Dist. Atty., Baton Rouge, by Robert H. Hester, Asst. Dist. Atty., for plaintiff-appellee.
Bonnie F. Jackson, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before PONDER, SAVOIE and CRAIN, JJ.
CRAIN, Judge.
Defendant James E. Parker was indicted for the crime of negligent homicide under R.S. 14:32 in the shooting death of Cindy Russell. A jury convicted defendant as charged and the trial judge sentenced him to three years at hard labor. Defendant appeals alleging three assignments of error.
The record reflects that defendant was charged in the death of Cindy Russell who, along with her husband and family, had been residing for several months with defendant in a trailer which belonged to him. For several years before the shooting, the occupants of the trailer had been subjected to a series of harassments. On numerous occasions unknown persons broke into the trailer, smashing the locks. On one occasion, an occupant of the trailer who was patrolling outside to protect the other occupants was physically assaulted.
On the night of the incident, the victim, her husband, and one other adult left the trailer to go to the store, leaving defendant and a friend in the trailer. While the others were gone, defendant and his friend were harassed by the unknown individuals who were apparently attempting to break into the back door, which was cabled shut. Defendant shot through the door several times, supposedly to frighten off the assailants. *115 Immediately after shooting through the door, defendant inspected the premises and saw no sign that anyone had been injured.
A few minutes later, defendant again heard sounds of attempted entry, this time at the front door. He again shot through the door with a thirty-eight caliber pistol. A bullet struck Mrs. Russell, who was returning from her errands. Defendant and Mrs. Russell's husband brought the woman to the hospital where she died approximately 45 minutes later.
ASSIGNMENTS OF ERROR NOS. 1 AND 2:
Defendant urges in assignment of error No. 1 that the trial court committed error when it accepted a verdict contrary to the law and evidence. The trial judge is not empowered to accept or reject the verdict of a jury that is correct as to form and meets procedural requirements. La. Const. Art. 1 Sec. 17, La.C.Cr.P. Articles 809 through 820. The substantive basis for this assignment of error, that there is not sufficient evidence upon which to base a conviction, is discussed under the assignment of error No. 2.
Defendant urges in assignment of error No. 2 that the trial court erred when it denied defendant's motion for a new trial because the evidence is not sufficient to support a verdict of guilty of negligent homicide.
Negligent homicide is defined as the killing of a human being by criminal negligence. R.S. 14:32. Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful person under similar circumstances. R.S. 14:12. The Reporter's Comment for the article defining criminal negligence states that criminal negligence corresponds to the concept of "gross negligence" in tort law.
The standard for reviewing an accused's conviction is whether, by looking at the evidence presented at trial in the light most favorable to the prosecution, a reasonable trier of fact could find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2281, 61 L.Ed.2d 560 (1979); State v. Long, 408 So.2d 1221 (La. 1982).
The record indicates that the jury was presented with testimony by many individuals, including the victim's husband, that an aura of harassment and fear was present at the time of the shooting. The jury was also presented with the evidence that the defendant shot through a door without determining who was outside. Additionally, defendant knew that several members of the household were out, and were expected to return. A rational trier of fact could find that, although the defendant was confronted with a frightening experience, he nevertheless responded in a manner grossly out of proportion to the danger he faced. Consequently, he was guilty of criminal negligence in firing at an unknown individual through a closed door.
We find the jury had an adequate basis for their determination of criminal negligence. The trial court did not err in refusing to grant a new trial on the basis that there was not sufficient evidence to support the verdict.
ASSIGNMENT OF ERROR NO. 3:
As assignment of error No. 3, defendant urges that the trial court erred in imposing an excessive sentence. The maximum sentence for the crime of negligent homicide is imprisonment with or without hard labor for not more than five years, and a fine of not more than $5,000, or both. R.S. 14:32.
While a trial judge does not have unbridled discretion to impose a sentence within statutory limits, State v. Sepulvado, 367 So.2d 762 (La.1979), he does have wide discretion in the imposition of sentences and, given compliance with the sentencing criteria of Louisiana Code of Criminal Procedure 894.1, the sentence will not be set aside in the absence of a manifest abuse of *116 discretion. State v. Washington, 414 So.2d 313 (La.1982).
The record in this case reflects that the judge ordered and closely studied a pre-sentence investigation report. His reasons for sentencing include the acknowledgment that several mitigating factors exist in this case, but he also noted several prior offenses for which the defendant had been convicted. He felt that imprisonment was necessary because to do otherwise would deprecate the seriousness of defendant's conduct. The sentence of three years imprisonment which defendant received is within the middle range of sentences which can be imposed for this offense. Considering the articulation of reasons contained in the sentencing record, we find that the sentence imposed in this instance is not excessive.
Finding no reversible error in defendant's assignments of error, we affirm his conviction and sentence.
AFFIRMED.