COVINGTON, Judge.
The defendant, Michael J. Johnson, was charged by Bill of Information with the crime of simple burglary in violation of LSA-R.S. 14:62, arising from an incident involving the breaking and entering of and the taking of property from Nicholson Elementary School in Baton Rouge, Louisiana, on April 24, 1982. He was convicted of the crime with which he was charged after a trial by jury. The trial judge sentenced Johnson to six years at hard labor with credit for time served. It is from this conviction and sentence that the defendant has appealed, complaining that the trial court erred when it accepted a verdict based on insufficient evidence, and that it imposed an excessive sentence.[1]
SUFFICIENCY OF EVIDENCE
In this assignment of error, the defendant contends that no reasonable trier of fact could have found that the State proved the element of intent beyond a reasonable doubt. It is the defense’s position that Johnson intended only to commit simple damages to property, a misdemeanor.
In the early morning hours of April 24, 1982, a security officer for the East Baton Rouge Parish School Board was dispatched to Nicholson Elementary School. Upon arrival, he heard noises coming from one of the “T” buildings in the back and saw that windows had been broken in two of the buildings. The guard observed the intruder and ordered him to stop. At the entrance of the building, the guard found two alarm system speakers by the door and a brown paper bag containing cassette tapes. Desk drawers in the buildings had also been ransacked. Within a few minutes, the police, who had also been summoned, arrived at the scene and arrested the defendant.
Defendant asserts that he had no intent to steal anything, but rather, that he felt “like walking the school campus to tear up something ...” Defendant argues that there may be proof of intent to vandalize but not to steal.
The State argues that the fact that the two speakers, which defendant admits he removed from the wall, were placed by the door next to the bag of tapes shows that Johnson intended to take the speakers.
Proof of specific intent to commit a felony or a theft is a necessary element of the crime of simple burglary. LSA-R.S. 14:62, State v. Pike, 426 So.2d 1329 (La.1983).
Specific criminal intent is defined as: ... that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1).
Although the question of intent is a fact question, it need not be proved as a fact; it may be inferred from the circumstances of the transactions, or circumstances surrounding the commission of the crime. Consequently, the State may rely on the circumstantial evidence to prove this element. LSA-R.S. 15:445; State v. Fuller, 414 So.2d 306 (La.1982).
When the issue of whether there is sufficient evidence to support the verdict is raised, the reviewing court scrutinizes the evidence in light of the standard set out in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing *721 court is required to consider the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
The facts proved here reveal that defendant intended to steal the speakers. The security guard testified that each of the “T” buildings broken into had a speaker in it. Those two speakers were found next to the door of one of the buildings, near the bag of tapes. The evidence shows that Johnson had removed one speaker from one building and placed it with the other speaker near the door in the other building.
In summary, the evidence introduced shows convincingly that the defendant in fact intended to commit a theft; and from the testimony of the security guard and the police officer, it is established that the speakers were in fact near the doorway with the cassette tapes, and that defendant was in the act of misappropriating the speakers to his own use when he was thwarted by the security guard. It is rational to surmise from the facts that the defendant entered the building with the requisite intent to commit a theft.
The defendant’s assignment of error is without merit.
EXCESSIVE SENTENCE
The defendant further urges that the trial court erred in imposing an excessive sentence.
Article I, Section 20 of the Louisiana Constitution of 1974 provides that no law shall subject a person to “... cruel, excessive, or unusual punishment.”
Excessive punishment in Louisiana has been defined by Louisiana courts, as e.g., State v. Crook, 253 La. 961, 221 So.2d 473, 476 (1969), as that which is:
... [bjarbarous [,] extraordinary, or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men.
In determining whether a penalty is grossly disproportionate, the reviewing court should consider the punishment and the crime in light of the harm caused to society and determine whether the penalty is so disproportionate as to shock the sense of justice. State v. Reed, 409 So.2d 266 (La.1982).
The trial court has wide discretion in imposition of sentence within statutory limits, and a sentence imposed should not be set aside as excessive in absence of manifest abuse of discretion.
. LSA-C.Cr.P. art. 894.1 sets forth guidelines to follow in imposing sentence and mandates that the trial court state for the record the considerations taken into account and the factual basis for his conclusions in order to assure that each sentence is individualized to the offender as well as the offense. Some of the factors to be considered include the accused’s personal history, prior criminal record, the seriousness of the offense, the likelihood that another crime will be committed, and the potential for rehabilitation. State v. Trahan, 412 So.2d 1294 (La.1982).
In State v. Cox, 369 So.2d 118, 121 (La.1979), the Supreme Court enunciated its policy in reviewing sentences on the ground of exeessiveness:
... [The Court] may vacate a sentence and remand for re-sentencing, when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record.
Moreover, the Court held in State v. Brown, 395 So.2d 1301 (La.1981), that a sentence must be grossly out of proportion to the crime before the appellate court will vacate and remand for resentencing. The trial judge has wide discretion in the imposition of sentence, given compliance with Article 894.1, and the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Feeback, 414 So.2d 1229 (La.1982).
The record reflects that the trial judge did not abuse his discretion in sen *722 tencing the defendant. He listed the factors which he considered in the sentencing:
... In pronouncing this sentence and in accordance with the provisions of Article 894.1 of the Louisiana Code of Criminal Procedure, the Court cites that confinement is appropriate because as a juvenile the defendant was committed to L.T.I. on September 13, 1978, from the 18th Judicial District Court for five counts of simple burglary. He was subsequently paroled from L.T.I. on April 2, 1979, to the custody of his mother. The records of the East Baton Rouge Parish Family Court Center show that the defendant after being released from L.T.I. and only three months later was rearrested by the Baton Rouge Police Department on July 29, 1979, and charged with two counts of burglary and theft. The record does not reflect a disposition on those charges. Insofar as crimes against the person, the defendant was arrested on June 11, 1981, by the Baton Rouge Police Department and charged with aggravated battery and simple battery on a police officer. The defendant received, according to this presentence investigation report, on the charge of aggravated battery a sentence of twenty days in the Parish Prison, credit for time served, also twenty days for the simple battery charge. Also, he was given credit for time served. The records further reflect that as an adult the defendant was arrested on May 7, 1980, by the Baton Rouge Police Department and charged with two counts of simple burglary. He was subsequently convicted on one count of simple burglary in the 19th Judicial Court and was sentenced to three years at hard labor in the Department of Corrections. That sentence was suspended and he was placed on five years supervised probation. And, therefore, it is noted that the defendant committed the instant offense while he was on supervised probation. In addition, the defendant had another arrest on June 11, 1981, for aggravated battery and simple battery on a police officer. This offense occurred when the defendant threw a bottle at his girlfriend which missed and struck his sister who was four years old. It struck the girl in the arm causing an extensive cut on her arm for which she had to have two operations as a result of the incident. The defendant also had an incident during his period of probation for which he was not arrested but is alleged to have stabbed a young lady with whom he was living at the time. The young lady had to be hospitalized for approximately two weeks and according, to her social worker, this was not the first time that the defendant had physically abused the girl. Also, with respect to his probation, the defendant moved during the period of probation without notifying his probation officer and refused to accept the probation officer’s help in getting him vocational rehabilitation or job training. The Court notes for the record that the pattern of violations that the defendant has established not only as a juvenile but as an adult plus his classification as a second felony offender indicates that any lesser sentence would deprecate the seriousness of the crime.
We hold that the trial judge was within his discretion in sentencing the defendant to six years imprisonment under the circumstances of this case. The judge properly used the criteria as set forth in Article 894.1 of the Louisiana Code of Criminal Procedure. Specifically, the trial judge referred to the defendant’s prior arrests, including a 1980 conviction for simple burglary, and further stated that the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution. Due to the nature of the present offense and all of the factors considered, a lesser sentence would tend to diminish the seriousness of the crime. The maximum penalty allowable by law for a conviction of simple burglary is a fine and imprisonment for twelve years. LSA-R.S. 14:62. The imposition of one-half of the maximum prison sentence allowable is not excessive under the circumstances.
The trial judge need not articulate every aggravating and mitigating circum *723 stance recited in LSA-C.Cr.P. art. 894.1, provided the record reflects that the trial judge adequately considered these guidelines in particularizing the sentence to the defendant and to his conduct. State v. Trahan. It is clear from the record of the instant case that the jury found the defendant guilty of simple burglary. The judge was justified in taking the defendant’s pri- or criminal record and any mitigating circumstances into consideration in imposing sentence. Therefore, the sentence, which was in the middle of the statutory range (showing that the mitigating factors were given due weight), was within the discretion of the trial judge and not excessive when considering all of the factors involved. In the instant case, the sentence is neither apparently severe nor grossly out of proportion to the crime.
The assignment of error is without merit.
DECREE
For the foregoing reasons, defendant’s conviction and sentence which are the subjects of this appeal are affirmed.
AFFIRMED.

. Two other assignments of error were not briefed and are, therefore, considered abandoned. Rule 2-12.4, Uniform Rules of the Courts of Appeal.