CARTER, Judge:
Defendant, Joseph Banks, was charged by bill of information with simple escape, in violation of LSA-R.S. 14:110. After trial by jury, defendant was found guilty of attempted simple escape. He was sentenced to one year imprisonment in the custody of the Department of Corrections, to run consecutively to any sentence he was then serving. Defendant now appeals [1] his conviction and sentence, alleging as his sole assignment of error that the evidence presented at trial is insufficient to support the conviction.
FACTS
On March 29, 1974, after the 5:00 p.m. check, Angola Penitentiary officials discovered that an inmate, later determined to be defendant, was missing. After searching different areas of the compound where officials thought defendant might be found, prison officials were unable to locate defendant and declared him “officially missing and escaped” at 7:20 p.m. on March 29, 1974. For four days, fifteen prison officials searched the penitentiary grounds twenty-four hours a day for defendant.
Then on April 2 at approximately 4:45 p.m., prison guards located defendant in the cannery. At the time of his apprehension, defendant had on his person maps, a hand gun, his identification card, and a wallet containing $10.00. In a hidden area of the cannery where defendant was found, officials found a knife, candy, food, books, pillow cases, a blanket, some old clothes, and maps of the penitentiary grounds and of the state. While the guards were reviewing defendant’s possessions, he ran toward the fence, then stopped and returned to the guards. A guard tower was located at the fence, where the guard on duty held a rifle.
ARGUMENT
In brief, defendant argues that the state failed to prove the element of general criminal intent necessary to support the conviction. Defendant contends that, as his testimony at trial reflected, he fell asleep on the afternoon of March 29, 1974, and was simply afraid to return for fear of an escape charge. Defendant contends that the reason he ran when apprehended on April 2 was that he was confused and had seen a guard with a pipe in his hand. Defendant cites State v. Liggett, 363 So.2d 1184 (La. 1978) in support of his position.
In our review herein, we are bound by the standards enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the Jackson standard, the reviewing court is required to consider the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Johnson, 442 So.2d 719 (La.App. 1st Cir. 1983).
LSA-R.S. 15:438 provides:
*243 “The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
Intent, however, need not be proven as a fact; it may be inferred from the circumstances of the transaction. LSA-R.S. 15:445.
In the instant case, defendant was found in possession of items, which in the ordinary course of human experience, can be said to be “tools” of an escapist. Defendant's possession of these items when coupled with his absence for four days and his flight upon apprehension, sufficiently establish defendant’s intent to escape.
Defendant relies on the facts of State v. Liggett, supra, wherein the defendant had failed to timely report to his work assignment and was later located by prison guards hiding in the prison cannery. The court in Liggett found no evidence of circumstances which indicated that Liggett, in the ordinary course of human experience, adverted to the prescribed criminal consequences as reasonably certain to result from his act.
The facts in the instant case are much stronger in favor of the prosecution than those of Liggett. In Liggett, the defendant was missing for less than one day; in the case sub judice, defendant remained hidden for four days. In Liggett, the defendant was found lying down with his hands on his stomach and a pocket novel to read; defendant in the present case was found with money, extra clothes, weapons, and food. Additionally, Liggett neither struggled nor attempted to get away from the search crew; the defendant in the instant case, broke away from prison guards and darted toward the fence.
We find the facts of State v. Liggett, supra, clearly distinguishable from the facts of the instant case. Additionally, there is sufficient evidence of facts and circumstances from which general criminal intent, an essential element of the crime of attempted simple escape, can be inferred.
Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. In 1974, defendant was represented by appointed' counsel, who did not pursue any appeal on behalf of defendant at that time. However, no waiver of defendant’s right to appeal and to be represented by counsel was made. A writ of habeas corpus was filed on behalf of defendant asserting a denial of defendant’s constitutional right to counsel on appeal. On July 22, 1983, the district court granted defendant an out-of-time (delayed) appeal.