LABORDE, Judge.
Defendant, Donald Babineaux, was charged by bill of information with distribution of marijuana in violation of LSA-R.S. 40:966. After pleading not guilty, defendant was tried before a twelve (12) member jury, found guilty and sentenced by the trial judge to serve five (5) years at hard labor. Defendant appeals from this conviction and sentence contending that a mistrial should have been granted following the prosecutor’s comment on defendant’s silence during the trial of a codefend-ant and that his sentence is excessive. We affirm.
FACTS
On November 23, 1981, the defendant met with an undercover narcotics agent for the Sheriffs Office of St. Martin Parish. The two met at a service station where the undercover agent was employed part-time. The defendant told the narcotics agent that he would sell her a “bag” of marijuana for fifty dollars ($50.00). The defendant then informed the agent that she was to meet Belinda Wiltz at the service station on the following day and give her the fifty dollars ($50.00) in payment for the marijuana. He would then deliver the marijuana to the narcotics agent.
On November 24, 1981, everything went as planned. At approximately 6:45 p.m. the agent gave Miss Wiltz fifty dollars ($50.00). She was instructed to return to the service station at 9:00 p.m., at which time, the defendant gave the bag of marijuana to the undercover agent completing their deal.
Because the defendant was part of an ongoing investigation, he was not arrested until January of 1982. Belinda Wiltz was also arrested and tried before defendant. She was found guilty and convicted.
The defendant was charged by bill of information on April 16, 1982, with distribution of marijuana, a violation of LSA-R.S. 40:966. The defendant was tried and unanimously convicted by a jury of twelve (12) and sentenced to serve five (5) years at hard labor. The defendant appeals his conviction and sentence alleging two (2) assignments of error.
ASSIGNMENT OF ERROR NO. 1
Through this assignment, defendant contends that the trial court erred by refusing to grant his motion for a mistrial made during the course of the trial. Defendant’s motion was based on the prosecutor’s questioning him at trial about exercising his right to remain silent during the trial of a codefendant, Belinda Wiltz. She was tried first for her involvement in the drug transaction and found guilty. Defendant, Donald Babineaux, was called to testify at Miss Wiltz’s trial, but refused to testify by exercising his Fifth Amendment right against self-incrimination.
During defendant Babineaux’s trial, the prosecutor questioned him regarding his failure to testify at Miss Wiltz’s trial.
“Q. Do you recall when Belinda Wiltz had her trial?
A. Yes sir.
Q. You were here?
A. Yes, sir.
Q. Did you testify—
BY MR. DeMAHY: Objection, Your Honor. Move for a mistrial.
BY MR. CEDARS: On what basis? BY THE COURT: Retire the jury, Sheriff.
BY THE COURT: The jury is instructed to disregard the last question.
You may proceed, Mr. Cedars.”
The defendant argues that the prosecutor’s reference to his refusal to testify in the Wiltz trial constituted an impermissible comment on defendant’s right to remain silent, which is grounds for mistrial under LSA-C.Cr.P. art. 770(3). Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 48 L.Ed.2d 91 (1976).
Conversely, the state argues that under LSA-R.S. 15:462, a defendant who takes *1389 the stand to testify in his own behalf is subject to be cross-examined on the whole case. State v. Rhodes, 337 So.2d 207 (La.1976).
In State v. Vernon, 385 So.2d 200 (La.1980), the Louisiana Supreme Court resolved this issue where the testimonial situation was identical to the present case. The court reasoned:
“[15] However, testimony was never before the jury which affirmatively showed that defendant did not testify at Regallis’ trial. Vernon was asked if he had been requested to testify at that trial and answered affirmatively. When asked if he actually had testified, he was precluded from answering by the objection of his attorney. (Tr., Vol. VII, p. 832). The trial judge admonished the jury to disregard the references to his testimony or lack thereof at Regallis’ trial and denied defendant’s motion for mistrial. In light of these circumstances, we cannot say that the State impermissi-bly referred to defendant’s failure to testify in his own defense so as to warrant a mistrial under LSA-C.Cr.P. art. 770. The trial judge’s admonition to the jury to disregard the question was sufficient to assure defendant a fair trial.”
The record reflects, as provided above, that the defendant, Donald Babineaux, was never allowed to answer the prosecutor’s question in light of the timely objection made by defense counsel. The partial question put to defendant “did you testify ...”, without more and without answer, did not constitute any comment upon, or prejudicial inference to, the defendant’s exercise of silence at the Wiltz trial.
We hold that the defendant suffered no prejudice as a result of the prosecutor’s perilously close infringement upon defendant’s constitutional right to remain silent. With the judge’s admonition to the jury, defendant was assured a fair trial. For these reasons, this assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
Finally, defendant argues that the imposition of a five (5) year sentence at hard labor for distribution of marijuana is unconstitutionally excessive in this instance. The maximum penalty for this offense is ten (10) years at hard labor and/or fifteen thousand dollars ($15,000), or both.
Trial judges are granted great discretion in imposing sentences, but even sentences within the statutory limits may be reviewed on appeal and found to be excessive under certain circumstances. State v. Jones, 398 So.2d 1049 (La.1981). Article 1, section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment.
Defendant is eighteen (18) years old and has a history of prior arrests relating to use, possession and distribution of marijuana, especially to juveniles. The record shows that defendant perjured himself during trial and that he threatened to kill a police officer while in possession of a very dangerous knife. After considering all of the sentencing guidelines under LSA-C. Cr.P. art. 894.1, the trial court concluded that defendant is in serious need of correctional treatment and that suspension of his sentence would pose undue risks that he would commit other crimes.
We have carefully reviewed the trial judge’s reasons for sentencing, and conclude that he did not abuse his wide discretion in imposing a five (5) year sentence for the offense charged in this instance. Such a sentence is in keeping with the established sentences imposed upon habitual offenders for the distribution of marijuana. State v. Beatty, 391 So.2d 828 (La.1980). Therefore, this assignment of error is without merit.
DECREE
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.