450 So.2d 1063 (1984)
STATE of Louisiana
v.
Carl COLEMAN.
No. 83 KA 1349.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Writ Denied September 14, 1984.
Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen Stewart Richey, Baton Rouge, William J. Guste, Jr., Atty. Gen., New Orleans, for defendant-appellant.
Before COVINGTON, COLE, and SAVOIE, JJ.
SAVOIE, Judge.
Defendant, Carl W. Coleman, was charged by bill of information with aggravated burglary, a violation of La.R.S. 14:60. A jury convicted defendant as charged. He was subsequently sentenced to serve twenty-five years at hard labor to run concurrently with time he is presently serving for another offense. He appeals his conviction and sentence, alleging three assignments of error.
About 1:00 A.M. on July 18, 1982, two young sisters were home watching television when they heard a noise. They called a friend who lived nearby. This man came over, checked the house and stayed to watch television with the sisters. When *1064 one of the sisters got up to go to the bathroom, the friend walked with her through the house. As they passed the sisters' bedroom, they saw standing therein a black male holding a knife. The overhead light was on in the bedroom and the sister stated she could tell the man was defendant whom she had known before and who, as a friend of her brother, had been in the home previously. The friend picked up a stool for protection. The intruder escaped through a bedroom window before any other protective measures could be taken. They later discovered that the window had been pried open and broken.
The friend testified that, although defendant and the intruder had the same body size and hair, he could not say defendant was the man he saw since the intruder was partially masked. The sisters' brother testified that he and defendant were friends, and defendant had previously been inside their home. The brother also stated he told defendant's brother that he was going out of town and would not be at home.

ASSIGNMENTS OF ERROR
The defendant alleges that the trial court erred when it:
(1) overruled defense objection to hearsay;
(2) accepted a verdict contrary to law and/or evidence; and
(3) imposed an excessive sentence.
Assignment of error number 1 was not briefed by defendant and is considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court committed error when it accepted a verdict contrary to the law and evidence. He argues that the evidence presented was insufficient to sustain his conviction for aggravated burglary. The basis of his argument is the insufficiency of positive identification by only one person and the use of circumstantial evidence to prove the essential element of "intent to commit a felony or any theft, therein."
"The trial judge is not empowered to accept or reject the verdict of a jury that is correct as to form and meets procedural requirements." La. Const. Art. 1, Sec. 17; La.C.Cr.P. art. 809-820; State v. Parker, 431 So.2d 114 (La.App. 1st Cir.1983), cert. denied 435 So.2d 433 (La.1983). This court, in State v. Korman, 439 So.2d 1099 (La. App. 1st Cir.1983), held that the proper procedural mechanism to raise the issue of the sufficiency of evidence is by a motion for a post verdict judgment of acquittal under La.C.Cr.P. art. 821. A motion for new trial is the other mechanism for raising this issue. State v. Allen, 440 So.2d 1330 (La.1983). No motion for post verdict judgment of acquittal or for new trial was filed in this case.
Although the issue has not been properly raised, we will consider the merits of defendant's claim. After reviewing the record, we have determined that the evidence, viewed in the light most favorable to the prosecution is sufficient evidence to support the jury's verdict. La.C.Cr.P. art. 821.
Positive identification by only one witness is sufficient evidence to support the jury's conviction of defendant. Where there is conflicting testimony as to factual matters, credibility of witnesses is within the sound discretion of the trier of fact. State v. Kent, 434 So.2d 1258 (La.App. 1st Cir.1983). In this case, the testimony is not in conflict, rather one of the witnesses simply could not positively identify defendant as the intruder.
Specific intent to commit a felony or any theft is an essential element of aggravated burglary. La.R.S. 14:60. "Although the question of intent is a fact question, it need not be proved as a fact; it may be inferred from the circumstances of the transactions surrounding the commission of the crime. Consequently, the State may rely on circumstantial evidence to prove this element." La.R.S. 15:445; State v. Johnson, 442 So.2d 719 (La.App. 1st Cir. *1065 1983). However, where an essential element of the crime is not proven by direct evidence, the rule of La.R.S. 15:438 applies and the State must prove this essential element of the crime to the exclusion of every reasonable hypothesis of innocence. State v. Shapiro, 431 So.2d 372 (La.1983) on rehearing; rehearing denied, June 3, 1983.
We find sufficient circumstantial evidence to exclude every reasonable hypothesis of innocence. The prosecution contended that defendant entered the home with the intent to commit a rape. Defendant entered the home through a bedroom window armed with a knife. When discovered, he approached the 15-year-old female victim in a threatening manner until a male friend intervened. The evidence indicates that defendant was familiar with the house and had reason to believe the two girls would be alone that night. These facts lead us to conclude that the defendant intended harm to the two young girls. We can find no other reasonable hypothesis for defendant's actions. Had the friend not intervened, very probably serious harm would have befallen one or both of the girls. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant further alleges that the trial court erred in imposing an excessive sentence. He was sentenced to serve twenty-five years at hard labor to run concurrently with time he is presently serving for another offense.
The trial court has wide discretion in the imposition of sentence within the statutory limits, and a sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Johnson, supra. At the sentencing hearing, the trial judge noted that, although defendant was technically classified as a first offender, this conviction was his second. Defendant previously pled guilty to the charge of receiving stolen things. This offense was committed after the present offense. Furthermore, defendant has a history (as a juvenile and as an adult) of numerous charges for crimes of a violent and dangerous nature. The defendant's prior criminal activity not resulting in convictions may be considered in determining the sentence. See State v. Flowers, 441 So.2d 1288 (La.App. 1st Cir.1983). Considering the reasons for defendant's sentence, especially his lengthy criminal record, we do not find the sentence imposed to be an abuse of discretion. This assignment of error lacks merit.
The conviction and sentence are affirmed.
AFFIRMED.