EDWARD M. REGGIE, Judge Pro Tem.
Defendant presents three issues on this appeal: that the trial court erred in admitting other crimes evidence; that there was insufficient evidence to convict him of the crime with which he was charged; and that the trial court imposed an excessive sentence.
On May 11, 1987, defendant, Flim Bur-chett, Jr., was convicted of distribution of marijuana and possession of marijuana with intent to distribute, both violations of La.R.S. 40:966(A)(1). On July 31, 1987, defendant was sentenced to serve six years at hard labor on each count with the sentences to run concurrently. Defendant timely appeals alleging three assignments of error. We affirm.
On January 29, 1987, Louisiana State Trooper Herbert Cross, while working the narcotics detail, was introduced to the defendant through a mutual “friend,” who was a confidential informant. Defendant was not aware of this fact and the three discussed the possibility of purchasing a large amount of marijuana, perhaps up to ten pounds. Defendant indicated to Trooper Cross that he could obtain the “stuff” and the selling price would be approximately $900.00 to $925.00. Trooper Cross called the defendant later that night to discuss the details of the “buy,” which would take place the following day, January 30. On that day, Trooper Cross spoke again with the defendant by telephone to discuss the final details of the “buy.” When Trooper Cross and the informant arrived at the predetermined location, the defendant and two others drove by in the defendant’s car, *305 slowed down and the defendant exited his vehicle and got into the Cross vehicle. The defendant told Trooper Cross and the informant that he had the “stuff” and to drive to another location to consummate the deal. While enroute to the location, the defendant pulled a small sample of the marijuana from his pocket and told Cross it would cost him another $25.00 a pound as it was high grade pot. Trooper Cross flashed the defendant a wad of cash and then told the defendant he needed to see the “stuff” before they drove any further. Both vehicles stopped and the defendant directed a friend in the other vehicle to show Trooper Cross the marijuana. Trooper Cross was shown a large zip lock bag which contained approximately one pound of marijuana.
At this time, Trooper Cross gave both visual and audio signals to the surveillance teams in the area to move in and make the arrest. Trooper Cross was wearing a body bug transmitter and the entire conversation had been transmitted to another surveillance officer nearby. When Trooper Cross said “Looks like good dope to me,” the other officers immediately converged on the scene. The defendant made á remark to Cross to the effect, I should have known you were the police. The officers arrested all of the parties on the scene to make it appear that neither Cross nor the informant were law enforcement agents.
The defendant was charged with the two aforementioned criminal counts and a jury of twelve found him guilty on both. Defendant appeals, citing the following three assignments of error.
ASSIGNMENT OF ERROR NUMBER 1
Defendant contends in assignment of error number one that the trial court erred in admitting into evidence the fact that he had been convicted of other crimes and had committed other crimes for which he had not been charged.
Defendant refers to questions asked of him by the prosecutor during cross-examination relative to a prior conviction of intent to distribute marijuana on December 9, 1985.
La.R.S. 15:495 states that evidence of the conviction of a crime, but not an arrest is admissible for the purpose of impeaching the credibility of the witness. In Banks v. McGougan, 717 F.2d 186 (CA 5th Cir.1983), the court said that under Louisiana law when an accused takes the stand he places his credibility at issue and may then be impeached by any method permitted in cross examining any other witness, including an examination regarding prior convictions. See also State v. Brent, 347 So.2d 1112 (La.1977); State v. Deville, 451 So.2d 129 (La.App. 3 Cir.1984).
The defendant in this case took the stand in his own defense and placed his credibility at issue. He testified that he was waiting for a ride when he was approached by undercover police, officers asking directions. Defendant testified he got into the undercover officers’ car to personally direct them to their desired location. Defendant testified that it was these men who produced the drugs and that he did not have any marijuana. Defendant’s argument is essentially that he was framed. Defendant’s prior conviction for possession with intent to distribute marijuana is admissible under La.R.S. 15:494 to impeach his testimony. The prosecutor asked about prior crimes committed by the defendant but a mistrial was not warranted because this evidence was properly admissible.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that there was insufficient evidence to support the convictions of distributing marijuana and possession of marijuana with the intent to distribute.
The requirements for determining whether sufficient evidence exists to support a conviction are set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). Under Jackson, the test is whether a rational factfinder, viewing the evidence in a light most favorable to the prosecution, could find each and every element of the offense proven beyond a reasonable doubt.
*306 Trooper Cross testified that he met and talked to the defendant regarding the possibility of purchasing drugs on January 29, 1987 near Leesville General Hospital. Defendant represented to him that he would sell about ten pounds of marijuana for about $900.00 to $925.00 per pound. Trooper Cross stated that he talked to the defendant by telephone on January 29, 1987 and on January 30,1987 and details of the drug deal were worked out. Trooper Cross testified that the defendant arrived with at least two other men at the meeting site in a white car with a red top and defendant got into his brown truck. Trooper Cross, Mike Smith, the informant, and defendant, followed by the three men in their vehicle, proceeded toward a church where the drug deal was to be consummated. While enroute defendant produced a paper towel which contained a sampling of the marijuana to be sold, handed the bag to Trooper Cross, and told him he would have to ask $25.00 more a pound than the agreed-upon price because of the high quality of the marijuana. At the church parking lot, Trooper Cross left his truck and walked over to the car which had followed them. After viewing the suspected marijuana, Trooper Cross then gave a prearranged signal and the surveillance teams came in and arrested everyone.
Trooper Russell Trapp testified that he set up the surveillance on the drug transaction and he took possession of all the seized evidence. Trooper Trapp testified that the defendant arrived at the meeting in a white and red car and got out of the car and into Cross’ truck with Cross and the informant. Trooper Cross was wearing a body transmitter (bug) and Trapp monitored the conversation in the truck. Trooper Trapp testified that it was the defendant who brought out the paper towel containing the marijuana sample, showed it to Cross and talked about its quality. Trooper Trapp identified the State’s exhibits of three brown paper bags which were recovered from the trunk of the defendant’s car. In these brown paper bags were a total of nine plastic bags suspected to contain marijuana. Exhibit S-13 was the plastic bag which was shown to Trooper Cross and which was believed to contain marijuana seized from the passenger compartment of the car.
T.J. Shufflin, who was certified by the court to be an expert in the field of chemical analysis of controlled dangerous substances, testified that he weighed the ten plastic bags of suspected marijuana and found them to weigh slightly less than eight pounds. He also testified that he scientifically analyzed samples taken from each of the plastic bags and found all the samples tested positive for marijuana. The two-thirds of an ounce of marijuana found on the paper towel in Trooper Cross’ truck also tested as positive.
The testimony of defendant is contradictory to that of Trooper Cross. The corroborating testimony of various other officers contradicts portions of defendant’s story and renders his version of what happened incredulous. Contrary to defendant’s assertions that he was picked up by Trooper Cross while waiting for his ride, Trooper Cross, Curtis Stoker and Trooper Trapp all testified that defendant arrived with the other men in the white and red car, exited the car and got into Cross’ truck on the passenger side.
In direct contradiction of defendant’s story that he did not produce the marijuana sample in the paper towel, Trooper Trapp, who was monitoring the conversation in the truck, corroborated Trooper Cross’ testimony that it was the defendant who produced the marijuana sample and talked of its good quality.
A rational trier of fact viewing the evidence in a light most favorable to the prosecution could easily have found beyond a reasonable doubt that the defendant knowingly and intentionally possessed marijuana with the intent to distribute and distributed the marijuana in the paper towel to Trooper Cross.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER 3
Defendant contends that the two concurrent six year sentences received for his convictions for distributing marijuana and *307 possession of marijuana with intent to distribute are excessive.[1]
The trial judge is required to state for the record both the considerations he has taken into account and the factual basis for imposition of sentence. La.C.Cr.P. Art. 894; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978).
The trial court does not have to state every aggravating and mitigating factor but the statutory guidelines in Art. 894.1 must be adequately considered. State v. Quebedeau, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3 Cir.1983).
Important elements which should be considered include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981).
In the instant case the trial judge adequately followed the guidelines set forth in Art. 894.1 and adequately considered defendant’s prior record, the seriousness of the offense and the prospects for rehabilitation or recidivism. The trial court stated there was no excuse or justification for defendant’s crime and that provocation and compensation for the victim were not relevant factors in the case. The trial court also considered that defendant committed the instant offenses while on probation and concluded that defendant’s conduct is not unlikely to recur. The trial court also considered defendant’s personal history, age, educational background, health and work skills. It. is this court’s conclusion that the trial judge adequately complied with the guidelines of Art. 894.1 in particularizing the defendant’s sentence.
Art. 1 § 20 of the La. Const, of 1974 protects a defendant against the imposition of cruel, unusual or excessive punishment. A sentence is excessive if it is grossly out of proportion to the severity of the offense and is nothing more than a needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Winzer, 465 So.2d 817 (La.App. 2 Cir.1985). Even a sentence within statutory limits may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
The defendant in the instant case could have been sentenced up to ten years and fined up to $15,000.00 on each count. La.R.S. 40:966(B)(2). Defendant’s sentence is well within the statutorily authorized range for sentences for the crimes of which he was convicted.
Further, the defendant had prior convictions for aggravated battery and possession of marijuana with the intent to distribute. Defendant had previously received suspended sentences and, as evidenced by his subsequent conduct, did not take advantage of the opportunities provided him to reform.
In State v. Wisenor, 452 So.2d 281 (La.App. 2 Cir.1984), the defendant’s two five year consecutive sentences for two counts of distribution of marijuana were held not to be excessive. The appellate court found support for the sentences imposed from the presentence investigation which revealed that the defendant had several prior convictions and was on probation at the time he committed the crimes for which he was being sentenced.
In State v. Babineaux, 449 So.2d 1387 (La.App. 3 Cir.1984), this court upheld a five year sentence imposed on an 18 year old for distribution of marijuana. The defendant’s juvenile record, the fact that he perjured himself at trial and that he threatened the police with a knife supported the sentence imposed.
In this case defendant’s two prior convictions and the commission of the instant crimes while on probation for the same crime committed a year earlier supports *308 the sentence imposed. The trial judge adequately articulated the reasons and individualized the sentence to the defendant and our jurisprudence supports the trial judge’s sentencing choice. We conclude that defendant’s sentence is not excessive. This assignment of error is without merit.
For the foregoing reasons the defendant’s convictions and sentences are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.

. While defendant’s two sentences for the instant offenses are concurrent, the sentence in count 1 is to run consecutively to any other sentence defendant will have to serve. Defendant was on probation for a February 1986 drug offense and the instant sentence will therefore be consecutive to the probated sentence which defendant will now be required to serve.